UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dannie Nichols, III, | ) | C/A No. 8:11-877-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Dr. Yates, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Dannie Nichols, brings this action pursuant to 42 U.S.C. § 1983 setting forth claims against the defendant for medical malpractice and pain and suffering. The plaintiff contends that while he was a pretrial detainee at the Alvin S. Glenn Detention Center, he broke his hand in October 2009 and that because he was not taken to a specialist, his hand has improperly healed. The plaintiff reportedly punched a wall while in court after a judge denied him bond on his state charges.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the defendant's motion for summary judgment[2] should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

1

granted. Specifically, the Magistrate Judge suggests that plaintiff's claims fall under the lens of the Due Process Clause of the Fourteenth Amendment and that plaintiff's treatment was not grossly incompetent, inadequate, or excessive, such that it shocks the conscience or is intolerable to fundamental fairness. Moreover, mere allegations of medical malpractice and negligence are not actionable under § 1983. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation. On February 24, 2012, the plaintiff was mailed a copy of the Report, which was filed on that same day, and advised of his right to file objections to the Report. The Report was mailed to the last known address of the plaintiff, that being The Alvin S. Glenn Detention Center at 201 John Mark Dial Drive, Columbia, South Carolina 29209. Such address was provided by the plaintiff to the Clerk of Court in the plaintiff's last filing in September 2011.

The plaintiff was aware of his important obligation, announced in a court order of April 26, 2011, to *always* keep the Clerk of Court advised in writing of his address change or he could face dismissal of his case. As the plaintiff has not notified the Clerk of a new address and the Report was returned to the Clerk by the U.S. Postmaster, the plaintiff has obviously not receieved the Report and consequently, he did not file objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The plaintiff has been advised by order of the court that he must keep the court advised at all times of his current address. The plaintiff has failed to do so, and the court has no way to communicate with the plaintiff.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, the defendant's motion for summary judgment is granted, and this action is dismissed with prejudice.

IT IS SO ORDERED.

March 14, 2012　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge